# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS VALENCIA HERNANDEZ, | 1:08-cv-00440 OWW DLB HC |
| Petitioner, | ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 1] |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition on March 12, 2008. Petitioner indicates that he was convicted of conspiracy to distribute and possess heroin in the U.S. District Court for the Eastern District of California, Fresno Division case number 04-CR-5097 AWI. A review of the Petition reveals that Petitioner's claims are not cognizable in a petition filed pursuant to § 2241.

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. §

1

2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner contends that he was sentenced in violation of the Sixth Amendment because certain facts where not considered by the jury.  Petitioner's claims are improperly raised in a petition under § 2241 and must be presented to the sentencing court in a petition filed pursuant to § 2255.

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Id; Holland v. Pontesso, 2000 WL 1170161 (9th Cir. 2000) (Section 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83

1 (9th Cir. 1963).

2       Here, Petitioner does not allege that § 2255 is inadequate or ineffective to protect her
3 rights.  Accordingly, Petitioner fails to fall within an exception to this rule which would allow
4 him to raise such a claim in a petition filed pursuant to § 2241.

5       Based on the foregoing, the Court cannot proceed with the instant petition under § 2241;
6 however, Petitioner may re-file a petition pursuant to § 2255, if he desires to do.  Accordingly, it
7 is HEREBY ORDERED that:

8   1.   The Clerk of Court is directed the send Petitioner a form petition pursuant to §
9        2255;

10  2.   Within thirty (30) days from the date of service of this order, Petitioner may
11       submit the completed § 2255 form petition; and

12  3.   If Petitioner does not wish to submit a § 2255 form petition, the Court will
13       proceed with a recommendation that the instant § 2241 petition be dismissed as it
14       is not cognizable.

15  IT IS SO ORDERED.

16  Dated:   **April 14, 2008**             **/s/ Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE

3